IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE MARTINEZ | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | |
| | ) | COMPLAINT FOR VIOLATION OF |
| Chicago Police Officers Rocco Pruger, | ) | CIVIL RIGHTS |
| Star No. 15445, and David Salgado, Star | ) | |
| No. 16347, | ) | |
| | ) | **JURY DEMANDED** |
| Defendants. | ) | |
| | ) | |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff Jose Martinez ("Martinez") was within the jurisdiction of this court.

4. At all times herein mentioned, Chicago Police Officer Rocco Pruger, Star No. 15445, ("Pruger") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

5. At all times herein mentioned, Chicago Police Officer David Salgado, Star No. 16347, ("Salgado") was employed by the Chicago Police Department, and was acting under

color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

## FACTUAL ALLEGATIONS

6. On or about April 26, 2017, Plaintiff was lawfully located in a public area, near 4435 S. Shields Avenue, in the City of Chicago, County of Cook, State of Illinois.

7. On that day and place Pruger and Salgado seized Plaintiff's person without legal cause.

8. During the seizure Plaintiff was subjected to a pat down search of his person. This search was without any legal cause

9. During the seizure Plaintiff was placed in handcuffs.

10. After detaining Plaintiff for a period of time he was released. However during the course of his seizure Pruger and Salgado seized the keys to Plaintiff's vehicle.

11. After seizing the keys to Plaintiff's vehicle Pruger and Salgado retained possession of the keys and left the scene.

12. There was no legal cause for Pruger and Salgado to seize the keys to Plaintiff's vehicle.

13. By reason of the above-described acts and omissions of Pruger and Salgado, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

14. The aforementioned acts of Pruger and Salgado were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

15.     By reason of the above-described acts and omissions of Pruger and Salgado, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights.  By reason thereof, Plaintiff requests payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### Plaintiff against Pruger and Salgado for
### UNREASONABLE SEIZURE

16.     Plaintiff hereby incorporates and realleges paragraphs one (1) through fifteen (15) hereat as though fully set forth at this place.

17.     By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

18.     The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's constitutional rights and not authorized by law. Defendants violated Plaintiff's rights in the following manner: (1) the seizure and search of Plaintiff's person; and (2) the seizure, removal, and retention of Plaintiff's personal property was not authorized by law.  These acts were in violation of Plaintiff's Fourth and/or Fourteenth Amendment rights.  Therefore, Defendants, and each of them, in their individual capacity, is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, Ltd. requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/Garrett Browne

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiffs
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: s/Garrett Browne

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiffs
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efoxlaw.com